HALL, Judge.
Plaintiff, Haskins Trucking Company, Inc., sued defendants, Lynn Lake Transportation Company, Ltd., a Canadian trucking firm, Rudy Jehle, the trucking firm’s principal stockholder, and Lewis Gershman, the Canadian consignee, seeking to recover the amount allegedly due on freight bills for hauling three loads of paper bags from Hodge, Louisiana to Manitoba, Canada. Plaintiff also sought to recover damages for an alleged illegal detention of two of its trailers by the defendants in Canada. Plaintiff sought and obtained a nonresident writ of attachment pursuant to which a truck allegedly owned by the defendants, all Canadian residents, was seized in Jackson Parish.
Defendants bonded the truck from the attachment and filed an answer and recon- *966 ventional demand. Defendants denied any amount was due for freight charges and reconvened for damages for illegal seizure of the trailer under the writ of attachment.
After trial on the rule to dissolve the writ of attachment and on the merits, the trial court found both parties came into court with unclean hands and that plaintiff failed to prove any amount was due. The demands of all parties were rejected. Plaintiff appealed. Defendants did not appeal, nor answer plaintiff’s appeal. For reasons expressed in this opinion, we reverse and allow recovery by the plaintiff.
The issues on appeal are whether there is a balance due for freight charges and whether plaintiff is entitled to damages for the wrongful detention of his trailers.
In connection with the first issue, plaintiff, a common carrier holding a Certificate of Public Convenience and Necessity from the Interstate Commerce Commission, contends it is entitled to be paid for the three shipments on the basis of the published ICC tariff rates, amounting to about $1,600 per load. Defendants contend plaintiff agreed with Jehle, acting with and for Lynn Lake and Gershman, to haul the three loads for $900 per load, which has been paid.
The evidence is in sharp conflict as to what charge was agreed on between the parties. Regardless of what agreement was made, the consignee is obligated to pay and the carrier is entitled to collect the published ICC tariff rate. By virtue of the Interstate Commerce Act, common carriers have the duty to adhere to the tariff schedules and may not charge a greater or lesser or different compensation for the transportation of property than the rates applicable to such transportation as specified in such schedules. The rates named in the schedule become the legal rate for the services rendered and must be charged by the carrier and paid by the shipper or consignee without deviation therefrom. The schedule has the force and effect of a statute, the purpose of which is to secure equality of rates to all and to destroy favoritism. Agreements inconsistent with the terms and provisions of published tariff schedules are void. It is not within the power of the parties to a contract of carriage to agree upon a rate or charge less than the legal rate of charge set forth in the published tariff schedule. A shipper or consignee is conclusively presumed to have knowledge of the published rates and to have contracted with reference thereto. A carrier is not estopped from collecting the proper amount even though it makes an error or misrepresentation as to the tariff rate or makes an agreement contrary to the tariff rate. Refunds or rebates of any portion of the rate specified in the tariff schedule are prohibited. See 13 Am.Jur.2d, Carriers, § 107-114.
The evidence establishes that the tariff rates for the three shipments were $1,584.40, $1,615.63 and $1,630, or a total of $4,830.03. Taking into consideration payments of $4,350 made by defendants, a coerced refund of $2,170 made by plaintiff to defendants, an undisputed credit of $718.50 for other services due by plaintiff to defendants, and $220 due by defendants to plaintiff for an advance made to one of defendants’ drivers, there is a balance of $2,151.53 due by defendants to plaintiff.
When the last two shipments got to Canada, plaintiff insisted he be paid the amount of the ICC tariffs before he would release the goods. Defendants protested on the basis of their understanding that the shipments would be made for $900 per load, but acceded to the demands of plaintiff and paid him $4,350 because they were obligated to deliver the paper bags to their customers for the Christmas trade. It was necessary for Jehle to remove two of plaintiff’s trailers from the trucks, which could not be started because of cold weather, and deliver the bags to the consignee. After Jehle delivered the bags he took plaintiff’s two trailers to his compound and refused to permit plaintiff to remove them until plaintiff paid him $2,170 as a refund of what he considered excess freight charges. Because the trailers were tied up by Jehle, Haskins paid Jehle the amount demanded and returned to Louisiana with the two trailers, after which he filed this suit.
The detention of plaintiff’s trailers in Canada in order to force plaintiff to refund the amount defendants believed *967 they had been coerced to pay in excess of the agreed charge, was wrongful and tor-tious, entitling plaintiff to damages. Has-kins testified he had $1,190 out-of-pocket expense in connection with the wrongful detention of the trailers. Plaintiff’s testimony is unsupported by any itemization of the expenses or any invoices, bills or other evidence. The evidence does not support an award for the special damages claimed by plaintiff. Nevertheless, plaintiff is entitled to an award of general damages for defendant’s wrongful conduct which we fix at $500.
That part of the judgment of the district court rejecting plaintiff’s demands is reversed and set aside and judgment is rendered in favor of plaintiff, Haskins Trucking Company, Inc., and against defendants, Lynn Lake Transportation Company, Ltd., Rudy Jehle and Lewis Gershman, in solido, in the amount of $2,651.53, together with legal interest thereon from date of judicial demand until paid, and all costs of this proceeding including the cost of appeal.
Reversed and rendered.